UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

No. 26-1503

---

STUDENTS FOR LIFE-ACTION,

*Plaintiff-Appellant,*

v.

MARTY JACKLEY, *in his official capacity as Attorney General,*
MONAE JOHNSON, *in her official capacity as Secretary of State.*

*Defendants-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF SOUTH DAKOTA, CENTRAL DIVISION

---

THE HONORABLE ROBERTO A. LANGE
United States District Court Judge

---

**APPELLEE'S BRIEF**

---

MARTY J. JACKLEY
ATTORNEY GENERAL
Grant M. Flynn
Assistant Attorney General
1302 E. Highway 1889, Suite 1
Pierre, SD 57501-8501
Telephone: 605-773-3215
ATTORNEYS FOR APPELLEES

JEFFREY SCHWAB
TIMOTHY KILCULLEN
LIBERTY JUSTICE CENTER
7500 Rialto Blvd., Ste. 1-250
Austin, TX 78735
Telephone: 512-481-4400
ATTORNEYS FOR APPELLANT

---

# SUMMARY OF CASE

"Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman." *Buckley v. Valeo*, 424 U.S. 1, 67, 96 S. Ct. 612, 46 L. Ed. 2d 659 (1976) (citations omitted). Appellant wants to influence South Dakota public policy from the dark; but to Appellant's dismay, SDCL § 12-27-16 requires it to step out from the shadows. In response, Appellant alleges that SDCL § 12-27-16 is constitutionally infirm.

Appellant's challenges must fail because SDCL § 12-27-16 does not apply to Appellant's conduct. Engaging exclusively in "issue advocacy", Appellant lacks standing. The statute's challenged reporting and on-ad disclosure requirements apply only to "contributions" that fund media advocating the election or defeat of a particular candidate or ballot measure. SDCL § 12-27-1(6) and SDCL § 12-27-16. Because Appellant does not engage in such "express advocacy," its communications are not subject to the challenged statute.

Appellee respectfully requests 15 minutes of oral argument per side.

i

Appellate Case: 26-1503    Page: 2    Date Filed: 07/15/2026 Entry ID: 5661551

# TABLE OF CONTENTS

SUMMARY OF CASE.................................................................. i

TABLE OF AUTHORITIES........................................................iv

STATEMENT OF THE ISSUES .............................................. 1

STATEMENT OF THE CASE ................................................. 3

SUMMARY OF ARGUMENT .................................................. 7

ARGUMENT ............................................................................. 8

I.  Standard of Review ........................................................ 8

II. The District Court properly analyzed SDCL § 12-27-16 under exacting scrutiny...........................................................10

III. Appellant lacks standing because its issue advocacy is not regulated by SDCL § 12-27-16...............................................16

IV. SDCL § 12-27-16 satisfies exacting scrutiny in that it is substantially related to a sufficiently important State interest....28

A. SDCL § 12-27-16 survives Appellant's facial challenge. ........28

1. Standard for facial challenges. ......................................29

2. SDCL § 12-27-16 is narrowly tailored and substantially related to the important government interest of transparency in political communications. ..............................................30

a. Periodic reporting does not satisfy the State's interest of contemporaneous disclosure...........................................34

b. An off-ramp provision is not necessary for SDCL § 12-27-16 to satisfy exacting scrutiny.........................................36

c. The $100 disclosure threshold satisfies exacting scrutiny. . ....................................................................................40

d. SDCL § 12-27-16 is temporally limited because it only applies to express advocacy..............................................41

e. The 48-hour reporting requirement found in SDCL § 12-27-16 is narrowly tailored. ..............................................45

B. SDCL § 12-27-16 survives Appellant's as-applied challenge. 46

1. Standard for as-applied challenges. ..................................47

2. SDCL § 12-27-16 does not apply to Appellant's conduct......48

Appellate Case: 26-1503    Page: 3    Date Filed: 07/15/2026 Entry ID: 5661551

V.  SDCL § 12-27-16 is not overly broad. ...................................52

VI. SDCL § 12-27-16 is not void for vagueness..........................55

CONCLUSION ...................................................................59

CERTIFICATE OF COMPLIANCE .............................................60

CERTIFICATE OF SERVICE ...................................................60

iii

Appellate Case: 26-1503     Page: 4     Date Filed: 07/15/2026 Entry ID: 5661551

# TABLE OF AUTHORITIES

<u>Federal Cases</u>                                                      <u>Page(s)</u>

*Alabama State Fed'n of Labor, Local Union No. 103, United Bhd. of Carpenters and Joiners of America v. McAdory,*
325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945) .................. 18

*Ams. for Prosperity Found. v. Bonta,*
—— U.S. ——, 141 S. Ct. 2373, 210 L.Ed.2d 716 (2021) ............. 10

*Animal Legal Def. Fund v. Reynolds,*
89 F.4th 1071 (8th Cir. 2024) ................................................. 29

*Animal Legal Defense Fund v. Vaught,*
8 F.4th 714 (8th Cir. 2021) ................................................*Passim*

*Brandenburg v. Allstate Ins. Co.,*
23 F.3d 1438 (8th Cir.1994)..................................................... 21

*Buckley v. Am. Const. L. Found., Inc.,* 525 U.S. 182, 204, 119 S. Ct.
636, 648, 142 L. Ed. 2d 599 (1999)........................................ 12

*Buckley v. Valeo,*
424 U.S. 1, 96 S. Ct. 612, 46 L. Ed. 2d 659 (1976) ..............*Passim*

*Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC,*
784 F.3d 1183 (8th Cir. 2015).............................................. 8,9

*Citizens United v. Federal Election Com'n,*
558 U.S. 310, 130 S.Ct. 876, 175 L.ed.2d 753 (2010)..........*Passim*

*City of Chicago v. Morales,*
527 U.S. 41, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) ................ 53

*Connally v. General Constr. Co.,*
269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926)...................... 56

*D.C. and M.S. v. City of St. Louis, Mo.,*
795 F.2d 652 (8th Cir.1986).................................................... 56

*Dakotans for Health v. Noem,*
52 F.4th 381 (8th Cir. 2022) .................................................. 25

*Davis v. Federal Election Comm'n,*
554 U.S. 724, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008) ............. 12

*First Choice Women's Res. Centers, Inc. v. Davenport,*
608 U.S. ___, ___, 146 S. Ct. 1114,1119, 224 L.Ed. 2d 672 (2026)
.................................................................26, 27, 50, 51

*Gaspee Project v. Mederos,*
13 F.4th 79 (1st Cir. 2021).................................................*Passim*

Appellate Case: 26-1503    Page: 5    Date Filed: 07/15/2026 Entry ID: 5661551

*Goldsmith v. Lee Enters., Inc.*,
  57 F.4th 608 (8th Cir. 2023) ........................................8, 9, 10, 27
*Grayned v. City of Rockford*,
  408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) ................ 56
*Gustilo v. Hennepin Healthcare Sys., Inc.*,
  122 F.4th 1012 (8th Cir. 2024) .................................................. 8
*Howard v. Columbia Pub. Sch. Dist.*,
  363 F.3d 797 (8th Cir.2004).................................................... 9
*In re Rancher's Legacy Meat Co.*,
  616 B.R. 532 (Bankr. D. Minn. 2020)...................................... 21
*Indep. Inst. v. FEC*,
  216 F. Supp. 3d 176 (D.D.C. 2016) ......................................... 38
*Indep. Inst. v. Williams*,
  812 F.3d 787 (10th Cir. 2016).................................................. 38
*Iowa Right To Life Comm., Inc. v. Tooker*,
  717 F.3d 576 (8th Cir. 2013).................................... 11, 31, 33, 46
*Iowa Right to Life Comm., Inc. v. Williams*,
  187 F.3d 963 (8th Cir. 1999)................................................... 16
*Iowa Right to Life Committee, Inc. v. Tooker*,
  133 F.Supp.3d 1179 (8th Cir. 2021)....................................... 12
*John Doe No. 1 v. Reed*,
  561 U.S. 186, 130 S.Ct. 2811, 177 L.Ed.2d 493 (2010) ............. 12
*Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks*,
  864 F.3d 905 (8th Cir. 2017).........................................24, 25, 30
*Lujan v. Defs. of Wildlife*,
  504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ............. 17
*Massachusetts Fiscal All. v. Sullivan*,
  No. CV 18-12119-RWZ, 2018 WL 5816344 (D. Mass. Nov. 6, 2018)
  .........................................................................................15, 39
*Minn. State Ethical Practices Bd. v. Nat'l Rifle Ass'n*,
  761 F.2d 509 (8th Cir. 1985)....................................28, 29, 40, 54
*Minnesota Chamber of Com. v. Choi*,
  765 F. Supp. 3d 821 (D. Minn. 2025) ...................................... 47
*Minnesota Citizens Concerned for Life, Inc. v. Kelley*,
  427 F.3d 1106 (8th Cir. 2005)................................................. 16
*Musser v. Mapes*,
  718 F.3d 996 (8th Cir. 2013)................................................... 57
*Nat'l Ass'n for Gun Rts., Inc. v. Mangan*,
  933 F.3d 1102 (9th Cir. 2019).........................................40, 41, 55

v

Appellate Case: 26-1503   Page: 6   Date Filed: 07/15/2026 Entry ID: 5661551

*Nat'l Org. for Marriage v. McKee,*
  649 F.3d 34 (1st Cir. 2011) ..........................................35, 40, 55
*Nat'l Right To Life Pol. Action Comm. v. Lamb,*
  202 F. Supp. 2d 995 (W.D. Mo. 2002) ..................................... 18
*No on E v. Chiu,*
  85 F.4th 493 (9th Cir. 2023) ...............................................*Passim*
*Olympus Aluminum Prods., Inc. v. Kehm Enters., Ltd.,*
  930 F. Supp. 1295 (N.D. Iowa 1996) ..................................... 21
*Phelps–Roper v. City of Manchester,*
  697 F.3d 678 (8th Cir. 2012)............................................... 30
*Phelps-Roper v. Ricketts,*
  867 F.3d 883 (8th Cir. 2017)...............................................47, 50
*Reed v. City of St. Charles, Mo.,*
  561 F.3d 788 (8th Cir.2009)................................................ 9
*Republican Party of Minn. v. Klobuchar,*
  381 F.3d 785 (8th Cir. 2004)...................................24, 47, 53, 55
*Ricci v. DeStefano,*
  557 U.S. 557, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009) .............. 9
*Rio Grande Found. v. Oliver,*
  727 F. Supp. 3d 988, 1006-09 (D.N.M. 2024)........................... 32
*Rooney v. Rock-Tenn Converting Co.,*
  878 F.3d 1111 (8th Cir. 2018)................................................ 8
*Sabri v. United States,*
  541 U.S. 600, 124 S.Ct. 1941, 158 L.Ed.2d 891 (2004) ............. 53
*Smith v. Helzer,*
  95 F.4th 1207 (9th Cir. 2024) ...........................................*Passim*
*Smith v. Helzer,*
  614 F. Supp. 3d 668 (D. Alaska 2022)...................... 10, 30, 32, 33
*SOB, Inc. v. Cty. of Benton,*
  317 F.3d 856 (8th Cir. 2003)................................................ 24
*Stephenson v. Davenport Cmty. Sch. Dist.,*
  110 F.3d 1303 (8th Cir. 1997).......................................56, 57, 58
*Susan B. Anthony List v. Driehaus,*
  573 U.S. 149, 134 S.Ct. 2334, 189 L.Ed.2d 246 (2014) ............. 18
*Thompson v. Bi-State Dev. Agency,*
  463 F.3d 821 (8th Cir. 2006).................................................. 9
*Turchick v. United States,*
  561 F.2d 719 (8th Cir.1977)................................................. 53

Appellate Case: 26-1503   Page: 7   Date Filed: 07/15/2026 Entry ID: 5661551

*U.S. v. One Lincoln Navigator 1998,*
328 F.3d 1011(8th Cir. 2003)................................................... 17
*United States v. Hansen,*
599 U.S. 762, 143 S.Ct. 1932, 216 L.Ed.2d 692 (2023) ............ 29
*United States v. Salerno,*
481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) ........... 47
*United States v. Stevens,*
559 U.S. 460, 130 S.Ct. 1577, 176 L.Ed.2d 435 (2010) ............ 29
*United States v. Veasley,*
98 F.4th 906 (8th Cir. 2024) .................................................. 47
*United States v. Williams,*
553 U.S. 285, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008) ............ 29
*Wash. State Grange v. Wash. State Republican Party,*
552 U.S. 442, 128 S.Ct. 1184, 170 L.Ed.2d 151 (2008) ........29, 30
*Yes on Prop B v. City & Cnty. of San Francisco,*
440 F. Supp. 3d 1049 (N.D. Cal. 2020)................................35, 36

Federal Rules     Page(s)

Fed. R. Civ. P. 56 .................................................................9, 10

State Cases     Page(s)

*City of Rapid City v. Estes,*
2011 S.D. 75, 805 N.W.2d 714................................................. 21
*Ctr. for Arizona Pol'y Inc. v. Arizona Sec'y of State,*
258 Ariz. 570, 560 P.3d 923 (Ct. App. 2024).............................. 15
*Springer v. Cahoy,*
2013 S.D. 86, 841 N.W.2d 15.................................................. 22

State Statutes     Page(s)

Alaska Stat. Ann. § 15.13.090 (West)...................................39, 44
Cal. Gov't Code § 82013 .......................................................... 44
Cal. Gov't Code § 84503 .......................................................... 37
Cal. Gov't Code § 84504 ...................................................27, 38, 39
Haw. Rev. Stat. Ann. § 11-393 (West) ....................................... 39
R.I. Gen. Laws Ann. § 17-25.3-3 (West) ..................................... 44
SDCL § 1-1-1 ......................................................................... 51

Appellate Case: 26-1503    Page: 8    Date Filed: 07/15/2026 Entry ID: 5661551

SDCL § 12-27-1 .................................................. Passim

SDCL § 12-27-16 ................................................. Passim

Appellate Case: 26-1503      Page: 9      Date Filed: 07/15/2026 Entry ID: 5661551

# STATEMENT OF THE ISSUES

DID THE DISTRICT COURT PROPERLY APPLY EXACTING SCRUTINY IN ITS ANALYSIS OF SDCL § 12-27-16?

> *Citizens United v. Federal Election Com'n*, 558 U.S. 310, 130 S.Ct. 876, 175 L.ed.2d 753 (2010)

> *Iowa Right to Life Committee, Inc. v. Tooker*, 133 F.Supp.3d 1179 (8th Cir. 2021)

> *No on E v. Chiu*, 85 F.4th 493 (9th Cir. 2023)

> *Smith v. Helzer*, 95 F.4th 1207 (9th Cir. 2024)

DOES APPELLANT HAVE STANDING TO CHALLENGE SDCL § 12-27-16?

> *Animal Legal Defense Fund v. Vaught*, 8 F.4th 714 (8th Cir. 2021)

> *Buckley v. Valeo*, 424 U.S. 1, 96 S. Ct. 612, 46 L. Ed. 2d 659 (1976)

> *Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks*, 864 F.3d 905 (8th Cir. 2017)

> *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)

DOES SDCL § 12-27-16 SATISFY EXACTING SCRUTINY IN THAT IT IS SUBSTANTIALLY RELATED TO A SUFFICIENTLY IMPORTANT STATE INTEREST?

> *Animal Legal Def. Fund v. Reynolds*, 89 F.4th 1071 (8th Cir. 2024)

*Gaspee Project v. Mederos*, 13 F.4th 79 (1st Cir. 2021)

*Iowa Right To Life Comm., Inc. v. Tooker*, 717 F.3d 576 (8th Cir. 2013)

*Smith v. Helzer*, 95 F.4th 1207, 1220 (9th Cir.)

## IS SDCL § 12-27-16 UNCONSITUTIONALLY OVERBROAD?

*Minn. State Ethical Practices Bd. v. Nat'l Rifle Ass'n,*, 761 F.2d 509 (8th Cir. 1985)

*Nat'l Ass'n for Gun Rts., Inc. v. Mangan*, 933 F.3d 1102 (9th Cir. 2019)

*Nat'l Org. for Marriage v. McKee*, 649 F.3d 34 (1st Cir. 2011)

*Republican Party of Minn. v. Klobuchar*, 381 F.3d 785 (8th Cir. 2004)

## IS SDCL § 12-27-16 VOID FOR VAGUENESS?

*Stephenson v. Davenport Cmty. Sch. Dist.*, 110 F.3d 1303 (8th Cir. 1997)

*Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)

2

Appellate Case: 26-1503     Page: 11     Date Filed: 07/15/2026 Entry ID: 5661551

# STATEMENT OF THE CASE

Appellant challenges South Dakota Codified Law § 12-27-16 on three unique grounds: 1) the statute violates the First Amendment both facially and as applied to Appellant, 2) the statute is overly broad, and 3) the statute is unconstitutionally vague. Under SDCL § 12-27-16(1), independent communications that cost more than one hundred dollars; that concern a candidate, public office holder, ballot question, or political party; and that are not made by a candidate, public office holder, political party, or political committee must include an on-ad disclaimer that identifies the top five contributors to the entity disseminating the communication. A violation of this statute is a Class 2 misdemeanor, and a subsequent violation is a Class 1 misdemeanor. SDCL § 12-27-16(1). The entity making the statement must also "file an independent communication expenditure statement within forty-eight hours of the time that the communication is disseminated, broadcast, or otherwise published...." SDCL § 12-27-16(2).

An "independent communication expenditure" is a "communication *concerning a candidate or ballot question* which is

3

not made to, controlled by, coordinated with, requested by, or made upon consultation with that candidate, political committee, or agent of a candidate or political committee." SDCL § 12-27-1(11) (emphasis added). A political committee is "any candidate campaign committee, political action committee, political party, or ballot question committee." SDCL § 12-27-1(18). There are exceptions excluded from independent communications that encompass, among others, news articles, editorial opinions, and endorsements. SDCL § 12-27-16(6).

A "contribution" is defined by SDCL § 12-27-1(6) as

any gift, advance, distribution, deposit, or payment of money or any other valuable consideration, or any contract, promise or agreement to do so; any discount or rebate not available to the general public; any forgiveness of indebtedness or payment of indebtedness by another person; or any use of services or property without full payment or that is provided by any person or political committee whose primary business is to provide services or property, made for the purpose of influencing:

> (a) *The nomination, election, or re-election of any person to public office*; or

> (b) *The placement of a ballot question on the ballot or the adoption or defeat of any ballot question submitted.*

The term does not include services provided by a person as a volunteer for or on behalf of any candidate or political committee including the free or discounted use of a person's

4

Appellate Case: 26-1503    Page: 13    Date Filed: 07/15/2026 Entry ID: 5661551

residence. Nor does the term include the purchase of any item of value or service from any political committee. The purchase price of the item may not exceed the fair market value and may not include an intent to contribute beyond the item's value. A contribution does not include administration and solicitation of a contribution for a political action committee established by an entity or its associated expenses, nor the use of an entity's real or personal property located on its business premises for such purposes. A contribution does not include nominal use of a candidate's real or personal property or nominal use of resources available at a candidate's primary place of business;

(emphasis added).

Appellant is a 501(c)(4) nonprofit social welfare organization dedicated to impacting public policy and influencing key elections by training and mobilizing pro-life leaders. Appellant's Brief, Pg. 4. Appellant has engaged in advocacy in South Dakota by sending text messages informing voters of candidates' positions on abortion-related issues and sending mailers urging South Dakotans to contact their state legislators to encourage them to support pro-life legislation. *Id.* Appellant's "communications *do not tell recipients whom to vote for our against.*" *Id.* Appellant intends to continue to communicate with the public in South Dakota in the same manner about candidates, and public office holders. *Id.*

5

Appellate Case: 26-1503    Page: 14    Date Filed: 07/15/2026 Entry ID: 5661551

As shown throughout this submission, Appellant is not beholden to SDCL § 12-27-16 because it engages in exclusively issue advocacy which is not regulated by the statute.  Appellant maintains that SDCL § 12-27-16 requires it to include on-ad disclosures on its communications.  Appellant asserts that it wishes to distribute its communications without disclosing its donors, speculating that it and its donors may face harassment for their speech.  *See generally* Appellant's Brief.  Appellant has accordingly brought this civil action against the South Dakota Attorney General and the South Dakota Secretary of State, in their official capacities only, to prevent the enforcement of SDCL § 12-27-16.  JApp. 1-42; R. Doc. 24.

Appellant initiated the present suit on June 5, 2023, and filed an Amended Complaint on October 6, 2023.  *See* JApp. 1-42; R. Doc. 24.  *See also* R. Doc. 1.  Subsequent to Appellee's Motion to Dismiss, the District Court entered an Order dismissing Appellant's Amended Complaint in its entirety except for two narrow issues. JApp. 43-86; R. Doc. 44; Add. 1-44.  The District Court entered a second Order dismissing the remaining claims, pursuant to

6

Appellate Case: 26-1503     Page: 15     Date Filed: 07/15/2026 Entry ID: 5661551

Appellees' motion for summary judgment, on February 17, 2026. JApp. 91-130; R. Doc. 82; Add. 45-84.

**SUMMARY OF ARGUMENT**

The District Court properly analyzed Appellant's challenge to SDCL § 12-27-16 under exacting scrutiny consistent with relevant holdings from the Supreme Court and this Court. *See generally* JApp. 43-86; R. Doc. 44; Add. 1-44; JApp. 91-130; R. Doc. 82; Add. 45-84. Appellant urges this Court to adopt the strict scrutiny standard when analyzing election related disclosure laws, but this invitation should be rejected. Appellant's Brief, pg. 12-15. As the District Court properly concluded, Appellant lacks standing to challenge SDCL § 12-27-16 because Appellant's advocacy is not regulated by the challenged statute. Appellant engages exclusively in issue advocacy while SDCL § 12-27-16 regulates only express advocacy. Appellant suffers no injury in fact because the statute does not apply to its conduct.

Appellants constitutional challenges to SDCL § 12-27-16 similarly fail because each allegation is based on the premise that the statute polices Appellant's issue advocacy which it does not. Likewise, Appellant's overbreadth and vagueness claims are based

7

on faulty interpretations of the statute that conclude that its reach extends to issue advocacy rather than only express advocacy. Independent communication expenditures that trigger SDCL § 12-27-16's reporting requirements must be made in reference to a particular candidate or ballot question. *See* SDCL § 12-27-1(11). Further, communications subject to this requirement must be supported by contributions which also must relate to a candidate or ballot question. *See* SDCL § 12-27-1(6). Because Appellant's communications do not advocate for or against particular candidates or ballot questions, they constitute issue advocacy that falls outside the scope of SDCL § 12-27-16.

## ARGUMENT

### I. Standard of Review

This Court reviews grants of summary judgment *de novo*. *Gustilo v. Hennepin Healthcare Sys., Inc.*, 122 F.4th 1012, 1015 (8th Cir. 2024) (applying the de novo standard to the grant of summary judgment as to a First Amendment retaliation claim.) *See also Goldsmith v. Lee Enters., Inc.*, 57 F.4th 608, 610 (8th Cir. 2023); *Rooney v. Rock-Tenn Converting Co.*, 878 F.3d 1111, 1115 (8th Cir. 2018); *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van*

8

*Lines, LLC*, 784 F.3d 1183, 1187 (8th Cir. 2015); *Thompson v. Bi-State Dev. Agency*, 463 F.3d 821, 824 (8th Cir. 2006). "Summary judgment is proper if the evidence before the court and all reasonable inferences to be drawn from it, viewed most favorably to [the non-moving party], show no genuine issues of material fact exist, and [the moving party] is entitled to judgment as a matter of law." *Thompson*, 463 F.3d at 824. *See also* Fed. R. Civ. P. 56. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Goldsmith*, 57 F.4th at 610 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009)).

Importantly, "[a]lthough a district court must rule on a motion for summary judgment after viewing the facts in the light most favorable to the non-moving party, it is not required to '*accept unreasonable inferences or sheer speculation as fact.*'" *Chavis Van & Storage of Myrtle Beach, Inc.*, 784 F.3d at 1193 (quoting *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 791 (8th Cir.2009). (emphasis added). *See also Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir.2004). Here, Appellant has not alleged any factual disputes at all. *See generally* Appellant's Brief. As such,

9

the only question presently before this Court is whether Appellees are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56. Asked another way, could the record in this case lead a rational trier of fact to find in favor of Appellants?  *Goldsmith*, 57 F.4th at 610.  The answer is "no."

## II. The District Court properly analyzed SDCL § 12-27-16 under exacting scrutiny.

In spite of the District Court's ruling and the breadth of precedent to the contrary, Appellant maintains its position that SDCL § 12-27-16 is properly reviewed under strict, rather than exacting, scrutiny.  Appellee's Brief, pg. 12-15.  The District Court correctly concluded that SDCL § 12-27-16 satisfies exacting scrutiny, and the lower court's reasoning merits affirmance. JApp. 66; R. Doc. 44, at 25; Add. 25; JApp. 98; R. Doc. 82, at 8; Add. 52.

Exacting scrutiny requires that "there must be 'a substantial relation between the disclosure requirement and a sufficiently important governmental interest.'"  *Smith v. Helzer,* 614 F. Supp. 3d 668, 676–77 (D. Alaska 2022), *aff'd,* 95 F.4th 1207 (9th Cir. 2024) (quoting *Ams. for Prosperity Found. v. Bonta,* —— U.S. ——, 141 S. Ct. 2373, 2383, 210 L.Ed.2d 716 (2021)).  *See also No on E v. Chiu,*

10

85 F.4th 493, 502 (9th Cir. 2023), *cert. denied sub nom. No on E, San Franciscans v. Chiu*, 145 S. Ct. 136 (2024).  "That is, 'the strength of the governmental interest must reflect the seriousness of the actual burden on First Amendment rights.'"  *Id.*  "While exacting scrutiny does not require that disclosure regimes be the least restrictive means of achieving their ends, it does require that they be narrowly tailored to the government's asserted interest."[1]  *Id.*  Meanwhile, "[n]arrow tailoring 'require[s] a fit that is not necessarily perfect, but reasonable; that represents not necessarily the single best disposition but one whose scope is in proportion to the interest served.'"  *Id.*

Exacting scrutiny "has been infused in the Court's approach to disclosure and disclaimer regimens for decades."  *Gaspee Project v. Mederos*, 13 F.4th 79, 85 (1st Cir. 2021).  As the District Court

---

[1] Notably, this Court has previously determined that disclosure requirements similar to SDCL § 12-27-16 need not be narrowly tailored.  *Iowa Right To Life Comm., Inc. v. Tooker*, 717 F.3d 576, 591 (8th Cir. 2013) (quoting *Citizens United*, 558 U.S. at 366, 130 S.Ct. 876) (holding that "[d]isclosure requirements that 'impose no ceiling on campaign-related activities and do not prevent anyone from speaking' are therefore subject to exacting scrutiny, *not requiring a governmental interest that is narrowly tailored*.") (citation and internal citation omitted) (emphasis added).

11

Appellate Case: 26-1503    Page: 20    Date Filed: 07/15/2026 Entry ID: 5661551

noted, Courts have regularly held that donor disclosure statutes should be upheld when they satisfy exacting scrutiny. *See* JApp. 67; R. Doc. 44, at 25; Add. 25 (citing *Citizens United v. Federal Election Com'n*, 558 U.S. 310, 366, 130 S.Ct. 876, 918, 175 L.ed.2d 753 (2010)). *See also Buckley*, 424 U.S. at 64 (1976); *Davis v. Federal Election Comm'n*, 554 U.S. 724, 744, 128 S.Ct. 2759, 2774, 171 L.Ed.2d 737 (2008); *Buckley v. Am. Const. L. Found., Inc.*, 525 U.S. 182, 204, 119 S. Ct. 636, 648, 142 L. Ed. 2d 599 (1999) (finding that disclosure rules "fail[ed] exacting scrutiny" (internal quotation marks omitted)); *John Doe No. 1 v. Reed*, 561 U.S. 186, 196 (2010) 561 U.S. 186, 196, 130 S.Ct. 2811, 2818, 177 L.Ed.2d 493 (2010); *Americans for Prosperity Foundation*, 141 S.Ct. at 2383 (2021). The Eighth Circuit has also subjected disclaimer and donor requirements to exacting scrutiny. *Iowa Right to Life Committee, Inc. v. Tooker*, 133 F.Supp.3d 1179, 1187 (8th Cir. 2021). Disclaimer and disclosure laws are not subjected to strict scrutiny because, unlike other regulations of speech, they "impose no ceiling on campaign-related activities, and do not prevent anyone from speaking." *Citizens United v. FEC*, 558 U.S. 310, 366 (2010).

Appellate Case: 26-1503     Page: 21     Date Filed: 07/15/2026 Entry ID: 5661551

The statute at issue in this case is a donor disclosure statute similar to those measured by several Courts against exacting scrutiny.  SDCL § 12-27-16.  As set forth in SDCL § 12-27-16,

> The following apply to independent communication expenditures by persons and entities related to communications concerning candidates, public office holders, ballot questions, or political parties who are not controlled by, coordinated with, requested by, or made upon consultation with that candidate, political committee, or agent of a candidate or political committee:
> (1)     Any person or entity that makes a payment or promise of payment totaling more than one hundred dollars, including donated goods or services for an independent communication expenditure that concerns a candidate, public office holder, ballot question, or political party shall append to or include in each communication a disclaimer that clearly and forthrightly:…
>> (c)    If an independent expenditure is undertaken by an entity not including a candidate, public office holder, political party, or political committee, the following notation must be included: "Top Five Contributors," including a listing of the names of the five persons making the largest contributions in aggregate to the entity during the twelve months preceding that communication.
> (2)     Any person or entity making a payment or promise of payment of more than one hundred dollars, including donated goods and services, for a communication described in subdivision (1) shall file an independent communication expenditure statement within forty-eight hours of the time that the communication is disseminated, broadcast, or otherwise published;

Importantly, the disclosure requirements found in South Dakota's statute only apply to the top five "contributors" who made the

13

Appellate Case: 26-1503     Page: 22     Date Filed: 07/15/2026 Entry ID: 5661551

"largest contributions" during the twelve months preceding the communication. *See* SDCL § 12-27-16. South Dakota law specifically defines a "contribution" as various forms of pecuniary benefit intended to influence one of the following: "(a) [t]he nomination, election, or re-election of any person to public office; or (b) [t]he placement of a ballot question on the ballot or the adoption or defeat of any ballot question submitted." SDCL § 12-27-1(6). As such, a "contributor" need only be disclosed when a "contribution" is made for the purpose of influencing an election related to either a public official or ballot question. Appellant specifically disavows influencing elections. Appellant's Brief, pg. 4.

Several statutes similar to SDCL § 12-27-16 have been analyzed under exacting scrutiny and survived. For example in *Smith v. Helzer*, the Ninth Circuit upheld an Alaska statute requiring that certain political communications identify the communicating organization's three largest contributors. 95 F.4th 1207, 1221 (9th Cir. 2024), *cert. denied sub nom. Smith v. Stillie*, 145 S. Ct. 567, 220 L. Ed. 2d 215 (2024). The Ninth Circuit reached a similar conclusion when considering a San Francisco ordinance requiring on-ad disclosures for political communications

14

under exacting scrutiny.  *No on E v. Chiu*, 85 F.4th 493, 511 (9th Cir. 2023), *cert. denied sub nom. No on E, San Franciscans v. Chiu*, 145 S. Ct. 136 (2024).  Likewise, the Arizona Court of Appeals reviewed an on-ad donor disclosure statute under exacting scrutiny.  *Ctr. for Arizona Pol'y Inc. v. Arizona Sec'y of State*, 258 Ariz. 570, 579, 560 P.3d 923, 932 (Ct. App. 2024), *review granted* (May 6, 2025) (citing *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 366–67, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010)).  The Massachusetts District Court also found a similar statute to survive exacting scrutiny.  *Massachusetts Fiscal All. v. Sullivan*, No. CV 18-12119-RWZ, 2018 WL 5816344, at *3 (D. Mass. Nov. 6, 2018).  Finally, the First Circuit upheld a Rhode Island statute comparable to SDCL § 12-27-16 under exacting scrutiny.  *Gaspee Project*, 13 F.4th at 83.  Based on this wealth of precedent, the District Court properly concluded that SDCL § 12-27-16 survived exacting scrutiny.  JApp. 66; R. Doc. 44, at 25; Add. 25; JApp. 98; R. Doc. 82, at 8; Add. 52.

15

Appellate Case: 26-1503     Page: 24     Date Filed: 07/15/2026 Entry ID: 5661551

### III. Appellant lacks standing because its issue advocacy is not regulated by SDCL § 12-27-16.

Appellant has adamantly asserted throughout this litigation that it engages exclusively in issue advocacy, rather than express advocacy, and maintains that position before this Court. *See* Appellant's Brief, pg. 4, 6, 7, 9, 32, 39. As the District Court aptly concluded, SDCL § 12-27-16 applies to only express advocacy. JApp. 52; R. Doc. 44, at 10; Add. 10; JApp. 98; R. Doc. 82, at 18-19; Add. 62-63. Express advocacy encompasses political communications intended to influence the nomination or election of a particular candidate or to promote or defeat a particular ballot question. *Buckley*, 424 U.S. at 43. *See also Minnesota Citizens Concerned for Life, Inc. v. Kelley*, 427 F.3d 1106, 1110 (8th Cir. 2005); *Iowa Right to Life Comm., Inc. v. Williams*, 187 F.3d 963, 969 (8th Cir. 1999). All other political advocacy falls under the umbrella of issue advocacy. *Id.*

In South Dakota, a political donation constitutes a "contribution" only when it is intended to influence the nomination or election of a public official or the outcome of a ballot initiative, and only those entities receiving "contributions" must provide

16

Appellate Case: 26-1503    Page: 25    Date Filed: 07/15/2026 Entry ID: 5661551

disclosures.  SDCL § 12-27-16.  As such, only those entities engaging in express advocacy receive "contributions" under South Dakota law.  *Id.*  Because Appellant only engages in issue advocacy, it does not receive "contributions," as that term is defined for purposes of SDCL § 12-27-16.  Appellant's issue advocacy does not fall within the purview of the statute; and, therefore, Appellant has no standing to challenge it.

"Article III standing is a threshold question in every federal court case."  *U.S. v. One Lincoln Navigator 1998*, 328 F.3d 1011(8th Cir. 2003).  Article III standing to sue is "an essential and unchanging part of the case-or-controversy requirement," and without it, a court lacks subject matter jurisdiction.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  "To establish Article III standing, plaintiffs must show (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that a favorable decision will likely redress the injury."  *Animal Legal Defense Fund v. Vaught*, 8 F.4th 714, 718 (8th Cir. 2021) (citing *Lujan,* at 560-561).

"A plaintiff satisfies the injury-in-fact element if it alleges 'an intention to engage in a course of conduct arguably affected with a

17

constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Id.* (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159, 134 S.Ct. 2334, 189 L.Ed.2d 246 (2014). "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'" *Id.* However, "Article III courts are barred by the case or controversy requirement from deciding 'abstract, hypothetical or contingent questions, ....'" *Nat'l Right To Life Pol. Action Comm. v. Lamb*, 202 F. Supp. 2d 995, 1007 (W.D. Mo. 2002), *aff'd sub nom. Nat'l Right to Life Pol. Action Comm. v. Connor*, 323 F.3d 684 (8th Cir. 2003) (quoting *Alabama State Fed'n of Labor, Local Union No. 103, United Bhd. of Carpenters and Joiners of America v. McAdory,* 325 U.S. 450, 461, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945)). Here, Appellant suffers no injury as its conduct is not regulated by SDCL § 12-27-16.

Under South Dakota law, a "contribution" occurs when a donation is "made for the purpose of influencing: (a) [t]he nomination, election, or re-election of any person to public office; or (b) [t]he placement of a ballot question on the ballot or the adoption or defeat of any ballot question submitted." SDCL § 12-27-1(6).

18

Meanwhile, SDCL § 12-27-16(1)(c) requires that certain independent communication expenditures include a list of the top five donors making the largest "contributions" to the entity distributing the communication and that the entity file an independent communication expenditure statement within forty-eight hours of the communication. Accordingly, only those donations made for the purpose of "influencing" the nomination, election, or re-election of a person or the placement on the ballot, adoption, or defeat of a ballot measure constitute "contributions" subject to disclosure. See SDCL § 12-27-1(6) & (11). Because Appellant does not engage in such direct influence, none of the donations it receives constitute "contributions" for the purpose of "independent communication expenditures" that must be reported or disclosed under SDCL § 12-27-16. *See* Appellant's Brief, pg. 4, 6, 7, 9, 32, 39.

South Dakota law specifically defines what it means to "expressly advocate" as

any communication that:

(a)  In context has no other reasonable meaning than to urge the election or defeat of one or more clearly identified candidates, or public office holders, or the placement of a

19

ballot question on the ballot or the adoption or defeat of any ballot question using explicit words of advocacy of election or defeat such as: vote, re-elect, support, cast your ballot for, reject, and defeat; or

(b)     If taken as a whole and with limited reference to external events, such as the proximity to the election, may only be interpreted by a reasonable person as containing advocacy of the election or defeat of one or more clearly identified candidates or public office holders, or the placement of a ballot question on the ballot or the adoption or defeat of any ballot question because:

(i)     The electoral portion of the communication is unmistakable, unambiguous, and suggestive of only one meaning; and

(ii)     Reasonable minds could not differ as to whether it encourages actions to elect or defeat one or more clearly identified candidates or public office holders, or the placement of a ballot question on the ballot or the adoption or defeat of any ballot question or encourages some other kind of action;

SDCL § 12-27-1(9).  South Dakota's definition of "express advocacy" is consistent with the Supreme Court's definition.  *See Buckley*, 424 U.S. at 43.  Likewise, the provisions of SDCL § 12-27-1(6), (9), & (11) are synonymous in that they each refer to the intent to influence the nomination or election of a public official or the outcome of a ballot initiative.  Taken together, SDCL §§ 12-27-1(6), (9), (11), and 12-27-16 limit the application of South Dakota's on-ad disclosure requirement to those entities engaging in express

20

Appellate Case: 26-1503     Page: 29     Date Filed: 07/15/2026 Entry ID: 5661551

advocacy. Appellant's issue advocacy is not regulated by SDCL § 12-27-16, and Appellant lacks standing to challenge it.

Appellant contends that it cannot be expected to "parse[] multiple cross-referenced definitions…" to interpret SDCL § 12-27-16, but that is precisely what is required under the Court's rules of statutory construction. Appellant's Brief, pg. 43. When interpreting a statute, this Court applies the South Dakota Supreme Court's rules of statutory construction; and, on a question of first impression, this Court attempts to "'predict' how the state's high court would interpret the statute. *Olympus Aluminum Prods., Inc. v. Kehm Enters., Ltd.*, 930 F. Supp. 1295, 1311 (N.D. Iowa 1996) (quoting *Brandenburg v. Allstate Ins. Co.,* 23 F.3d 1438, 1440 (8th Cir.1994)). Both Courts include the rule of *in pari materia* when performing statutory construction. *See City of Rapid City v. Estes*, 2011 S.D. 75, ¶ 12, 805 N.W.2d 714, 718; *In re Rancher's Legacy Meat Co.,* 616 B.R. 532, 544 (Bankr. D. Minn. 2020). SDCL §§ 12-27-1(6), (9), and 12-27-16 are *in pari materia,* or "in the same matter," and must be "taken together and construed as one system…" *In re Rancher's Legacy Meat Co.,* 616 B.R. at 544. "It is to be inferred that a code of statutes relating to one subject was

21

governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions." *Id. See also Estes*, 2011 S.D. 75 at ¶ 12 (holding that "[s]tatutes are construed to be *in pari materia* when they relate to the same person or thing, to the same class of person or things, or have the same purpose or object.").

SDCL § 12-27-1(6), (9), (11) and 12-27-16 clearly relate to the same subject and were enacted with the same purpose, to inform the electorate and inject transparency into political communications. Each of these statutes must be construed together; and, when read in this way, the law clearly requires disclosures only for communications engaging in express advocacy. Based on the plain language of the statute, only "contributions" must be disclosed. *See* SDCL § 12-27-16. *See also Springer v. Cahoy*, 2013 S.D. 86, ¶ 12, 841 N.W.2d 15, 19 (holding that "[w]hen the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and this Court's only function is to declare the meaning of the statute as clearly expressed.") (citation omitted). Contributions are only those donations made for the purpose of influencing the nomination, election, or re-election of a

22

Appellate Case: 26-1503     Page: 31     Date Filed: 07/15/2026 Entry ID: 5661551

person or the placement on the ballot, adoption, or defeat of a ballot measure.  SDCL § 12-27-1(6).  Since Appellant disavows engaging in any express advocacy, it does not receive "contributions" and is not subject to the regulations of SDCL § 12-27-16.  Appellant's Brief, pg. 4, 6, 7, 9, 32, 39.

Based on its own statements, Appellant does not currently, and has no future intent of, engaging in express advocacy.  Appellant's Brief, pg. 4, 6, 7, 9, 32, 39.  As the District Court determined, SDCL § 12-27-16 applies only to express advocacy, not Appellant's issue advocacy.  JApp. 52; R. Doc. 44, at 10; Add. 10; JApp. 98; R. Doc. 82, at 18-19; Add. 62-63.  Appellant has no plan "to engage in a course of conduct... proscribed by [the] statute..." *Animal Legal Defense Fund*, 8 F.4th at 718.  As such, Appellant does not risk an enforcement action that is "certainly impending," nor does it run a "substantial risk that [] harm will occur...'" *Id.* Absent such risk of an enforcement action, Appellant suffers no injury in fact under the statute and lacks one of the three elements necessary to support standing.  *Id.*

Moreover, Appellant has not successfully manufactured standing through its facial challenge to SDCL § 12-27-16.

23

Appellant's Brief, pg. 16-31. "Ordinarily, a party may not facially challenge a law on the ground that it would be unconstitutional if applied to someone else." *Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks*, 864 F.3d 905, 911 (8th Cir. 2017) (quoting *SOB, Inc. v. Cty. of Benton*, 317 F.3d 856, 864 (8th Cir. 2003)). To demonstrate standing for a facial challenge, Appellant must "demonstrate that [it] has standing to bring a facial overbreadth claim." *Id.* at 912 (citing *Republican Party of Minn. v. Klobuchar*, 381 F.3d 785, 791 (8th Cir. 2004)). To do so, Appellant "must identify a significant difference between [its] claim that the statute is [facially] invalid on overbreadth grounds, and [its] claim that it is unconstitutional as applied to [its] particular activity." *Id.* This Court has held that "[i]t is inappropriate to entertain a facial overbreadth challenge when the plaintiff fails to adduce any evidence that third parties will be affected in any manner differently from [itself]." *Id.*

Here, Appellant articulates no significant difference between its facial and as-applied challenges. In reference to both its facial and as-applied challenges, Appellant claims that SDCL § 12-27-16 is not sufficiently narrowly tailored to satisfy exacting scrutiny. *See*

24

Appellant's Brief, pg. 16-46. First, Appellant's claim that SDCL § 12-27-16 unconstitutionally compels speech both facially and as applied to their conduct. Appellant's Brief, pg. 12-15, 31-34. In both contexts, Appellant's assert that SDCL § 12-27-16 encompasses both issue and express advocacy. Appellant's Brief, pg. 18-20, 33-34. Finally, Appellant also challenges the lack of an off-ramp provision, the $100 cost threshold, temporal components, and geographic components in both the facial and as-applied contexts. Appellant's Brief, pg. 23-30, 39-40. Because Appellant's facial and as-applied claims are synonymous, Appellant lacks standing to bring its facial claims. *Josephine Havlak Photographer, Inc.*, 864 F.3d at 911.

Further, as the District Court concluded, Appellant is currently under no credible threat of prosecution because it does not engage in the type of advocacy regulated by the statute. JApp. 104-110; R. Doc. 82, at 14-20; Add. 58-64. To have standing to challenge SDCL § 12-27-16, Appellant must demonstrate a credible threat of prosecution thereunder. *Animal Legal Defense Fund*, 8 F.4th at 718. *See also Dakotans for Health v. Noem*, 52 F.4th 381, 386 (8th Cir. 2022). As the District Court explained extensively,

25

Appellants do not engage in express advocacy which is the only type of speech regulated by the statute. JApp. 104-110; R. Doc. 82, at 14-20; Add. 58-64. Likewise, Appellant disavowed to this Court any intent to engage in issue advocacy. *See* Appellant's Brief, pg. 4, 6, 7, 9, 32, 39. Because they express no intent to engage in activity regulated by SDCL § 12-27-16, they are under no credible threat of prosecution and lack standing to challenge the statute. *Animal Legal Defense Fund*, 8 F.4th at 718.

Finally, Appellant failed to demonstrate a chilling effect on its donors sufficient to confer standing before the District Court, and its representations to this Court continue to fall short. JApp. 110-115; R. Doc. 82, at 20-25; Add. 61-69. Appellant relies primarily on one case to support its claim that SDCL § 12-27-16 chills the speech of its donors, but *First Choice Women's Resource Centers, Inc. v. Davenport*, 608 U.S. ___, ___, 146 S. Ct. 1114,1119, 224 L.Ed. 2d 672 (2026), is entirely inapplicable to the matter at hand. The primary distinction between the First Choice Women's Resource Center and Appellant is that First Choice does not engage in any type of political speech. 146 S. Ct. at 1119. First Choice provided counseling and resources to pregnant women. *Id.* Nothing within

26

Appellate Case: 26-1503     Page: 35     Date Filed: 07/15/2026 Entry ID: 5661551

the record of that case indicates that First Choice engaged in any type of political communication.  *Id.*  Here, the government interest at stake is entirely different because Appellant is actively working to influence South Dakota public policy.  Appellant's Brief, pg. 4.  As the District Court found, Appellant set forth no facts showing "a reasonable probability that the group's members would face threats, harassment, or reprisals if their names were disclosed." JApp. 112; R. Doc. at 82, 22; Add. 66 (quoting *Citizens United*, 558 U.S. at 370).  But Appellant is not required to make disclosures because its brand of advocacy is not regulated by the statute.

Because Appellant does not "expressly advocate" as that term is defined in SDCL § 12-27-1(9) nor intend to do so in the future, it does not seek contributions as that term is used in SDCL § 12-27-16.  Simply put, there is no legitimate interpretation of SDCL § 12-27-16 that would bring Appellant's demonstrated issue advocacy within the purview of the statute.  *Goldsmith*, 57 F.4th at 610.  The donations Appellant receives do not seek to influence the nomination, election, or re-election of a particular candidate nor the placement on the ballot, adoption, or rejection of a ballot initiative because Appellant does not engage in such express advocacy.

27

Appellate Case: 26-1503     Page: 36     Date Filed: 07/15/2026 Entry ID: 5661551

Appellant's Brief, pg. 4, 6, 7, 9, 32, 39. *See also* SDCL § 12-27-1(6). As such, Appellant does not receive contributions as that term is used in SDCL § 12-27-16. Because it does not expressly advocate for or against particular candidates or ballot measures, Appellant's communications do not fall under the umbrella of SDCL § 12-27-16. If Appellant is not burdened by the requirements of the statute, then it suffers no injury in fact and lacks standing to challenge it. *Animal Legal Defense Fund*, 8 F.4th at 718.

## IV. SDCL § 12-27-16 satisfies exacting scrutiny in that it is substantially related to a sufficiently important State interest.

*A. SDCL § 12-27-16 survives Appellant's facial challenge.*

Appellant asserts that SDCL § 12-27-16 is facially unconstitutional because it is not narrowly tailored to the important government interest of an informed electorate. Appellant's Brief, pg. 16-30. Amongst its allegations, Appellant forgets that SDCL § 12-27-16 need not be a perfect fit, "but one whose scope is in proportion to the interest served." *Smith*, 95 F.4th at 1215. As multiple Courts have held of similar statutes, SDCL § 12-27-16 satisfies this standard. *See Smith*, 95 F.4th at 1215; *No on E*, 85 F.4th at 502; *Minn. State Ethical Practices Bd. v. Nat'l Rifle Ass'n*,

28

761 F.2d 509, 512 (8th Cir. 1985) (per curiam).  Appellant's challenge must fail because South Dakota's statute satisfies exacting scrutiny in that it is substantially related to an important government interest and narrowly tailored in its regulation of that interest.  *Citizens United*, 558 U.S. at 366.

### *1. Standard for facial challenges.*

"In the First Amendment context, a law is overbroad when "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Animal Legal Def. Fund v. Reynolds*, 89 F.4th 1071, 1079–80 (8th Cir. 2024) (quoting *United States v. Stevens*, 559 U.S. 460, 473, 130 S.Ct. 1577, 176 L.Ed.2d 435 (2010)).  *See also Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 n.6, 128 S.Ct. 1184, 170 L.Ed.2d 151 (2008)).  "Because it destroys some good along with the bad, '[i]nvalidation for overbreadth is strong medicine that is not to be casually employed.'"  *Id.* (quoting *United States v. Hansen*, 599 U.S. 762, 770, 143 S.Ct. 1932, 216 L.Ed.2d 692 (2023) (cleaned up).  *See also United States v. Williams*, 553 U.S. 285, 293, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008)).  "'Facial challenges are disfavored' because they 'often rest on speculation …

29

Appellate Case: 26-1503     Page: 38     Date Filed: 07/15/2026 Entry ID: 5661551

[and] raise the risk of premature interpretation of statutes on the basis of factually barebones records.'" *Josephine Havlak Photographer, Inc.,* 864 F.3d at 912 (quoting *Phelps–Roper v. City of Manchester,* 697 F.3d 678, 685 (8th Cir. 2012) (alteration in original) (internal quotation marks omitted). *See also Wash. State Grange,* 552 U.S. at 450, 128 S.Ct. 1184). "Generally speaking, facial challenges leave no room for particularized considerations and must fail as long as the challenged regulation has any legitimate application." *Gaspee Project,* 13 F.4th at 92 (citing *Wash. State Grange,* 552 U.S. at 449).

> ### 2. SDCL § 12-27-16 is narrowly tailored and substantially related to the important government interest of transparency in political communications.

According to Appellant, SDCL § 12-27-16 fails exacting scrutiny because it is not narrowly tailored to the State's important interest of an informed electorate and transparent political communications. But exacting scrutiny simply "require[s] a fit that is not necessarily perfect, but reasonable; that represents not necessarily the single best disposition but one whose scope is in proportion to the interest served." *Smith,* 614 F. Supp. 3d at 676–77. SDCL § 12-27-16 achieves such a fit and need not be crafted to

30

Appellant's precise specifications. The statute is sufficiently narrow to satisfy exacting scrutiny.

First, while, Appellant does not appear to challenge the statute on this basis, SDCL § 12-27-16 addresses a sufficiently important government interest. JApp. 67-69; R. Doc. 44, at 25-27; Add. 25-27. *See also* Appellant's Brief, pg. 17. "[T]he public has an interest in knowing who is speaking about a candidate shortly before an election." *Iowa Right To Life Comm., Inc.*, 717 F.3d 576, 591 (8th Cir. 2013) (quoting *Citizens United*, 558 U.S. at 369). "By 'provid[ing] the electorate with information about the sources of election-related spending,' disclosure allows the public to 'make informed choices in the political marketplace.'" *Id.* "This 'informational interest alone' can be sufficiently important to justify disclosure requirements." *Id.*

As the District Court noted, "groups can finance political election-related speech 'while hiding behind dubious and misleading names....'" JApp. 67; R. Doc. 44, at 25; Add. 25. Disclosure laws combat this by informing the public "as to where political campaign money comes from and how it is spent by the candidate...." *Buckley*, 424 U.S. at 66 (citations omitted).

31

Appellate Case: 26-1503    Page: 40    Date Filed: 07/15/2026 Entry ID: 5661551

Additionally, disclosure laws like SDCL § 12-27-16 "deter actual corruption and avoid the appearance of corruption by exposing large contributions and expenditures to the light of publicity." *Id.* at 67 (citations omitted). Finally, disclosure requirements provide "an essential means of gathering the data necessary to detect violations of [] contribution limitations." *Id.* SDCL § 12-27-16 serves an important election transparency interest that satisfies exacting scrutiny.

Neither does Appellant appear to challenge that SDCL § 12-27-16 is substantially related to this important government interest. *See generally* Appellant's Brief. But as the District Court found, SDCL § 12-27-16 is substantially related to the State's interest in an informed electorate. JApp. 120-129; R. Doc. 82, at 30-39; Add. 74-83. Several courts have recognized that on-ad disclosures are substantially related to the government's goal of informing the electorate as to who is responsible for political messages. *Citizens United*, 558 U.S. at 368 (citing *Buckley*, 424 U.S. at 76); *Smith*, 614 F. Supp. 3d at 685-86; *Rio Grande Found. v. Oliver*, 727 F. Supp. 3d 988, 1006-09 (D.N.M. 2024), *aff'd,* 154 F.4th 1213 (10th Cir. 2025); *No on E*, 85 F. 4th at 505-06; *Gaspee Project*, 13 F.4th at 85-86.

32

Appellate Case: 26-1503     Page: 41     Date Filed: 07/15/2026 Entry ID: 5661551

Here, the State's interest in an informed electorate is equally related to the challenged statute.

Next, Appellant alleges that SDCL § 12-27-16 is not narrowly tailored. Appellant's Brief, pg. 16-46. While this Court has previously held that statutes like SDCL § 12-27-16 need not meet the narrow tailoring prong of exacting scrutiny, the District Court found the statute to be narrowly tailored; and Appellees agree. *Iowa Right To Life Comm., Inc.*, 717 F.3d at 591 (holding that "[d]isclosure requirements that 'impose no ceiling on campaign-related activities and do not prevent anyone from speaking' are therefore subject to exacting scrutiny, *not requiring a governmental interest that is narrowly tailored.*") (citation and internal citation omitted) (emphasis added). As the District Court found, SDCL § 12-27-16 satisfies the narrow tailoring prong of exacting scrutiny. JApp. 29; R. Doc. 44, at 29; Add. 25; JApp. 128; R. Doc. 82, at 38, 8; Add. 82.

"While exacting scrutiny does not require that disclosure regimes be the least restrictive means of achieving their ends, it does require that they be narrowly tailored to the government's asserted interest." *Smith*, 614 F. Supp. 3d at 676–77. *See also No*

33

*on E,* 85 F.4th at 502. "Narrow tailoring 'require[s] a fit that is not necessarily perfect, but reasonable; that represents not necessarily the single best disposition but one whose scope is in proportion to the interest served.'" *Id.*

As the District Court properly concluded, SDCL § 12-27-16 is narrowly tailored. JApp. 29; R. Doc. 44, at 29; Add. 25; JApp. 128; R. Doc. 82, at 38; Add. 82. According to Appellant, the State should have drafted SDCL § 12-27-16 more narrowly by 1) removing the on-ad disclosures in favor of periodic reporting, 2) including an off-ramp provision for those donors who prefer not to be disclosed, 3) increasing the spending threshold, and 4) including a temporal limitation. Appellant's Brief, pg. 16-31. While including these additional provisions might move the statute closer to Appellant's definition of perfection, they are not necessary to satisfy exacting scrutiny.

### a. Periodic reporting does not satisfy the State's interest of contemporaneous disclosure.

Appellant first alleges that SDCL § 12-27-16 is not narrowly tailored because the same government interest could be satisfied through the reporting requirements found in SDCL § 12-27-16(3).

34

Appellant's Brief, pg. 20-21.  But as multiple courts have determined, periodic reporting does not satisfy the same government interest as on-ad reporting.  As the Ninth Circuit noted, "[c]ase law and scholarly research support the proposition that, because of its instant accessibility, an on-advertisement disclaimer is a more effective method of informing voters than a disclosure that voters must seek out."  *No on E,* 85 F.4th at 509(citation omitted). The First Circuit pointed out that "[t]he appellants cannot plausibly dispute that on-ad donor information is a more efficient tool for a member of the public who wishes to know the identity of the donors backing the speaker."  *Gaspee Project,* 13 F.4th at 91. "Citizens rely ever more on a message's source as a proxy for reliability and a barometer of political spin."  *Id.*  (quoting *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 55, 57 (1st Cir. 2011)).  "The public is 'flooded with a profusion of information and political messages,' and the on-ad donor disclaimer provides an instantaneous heuristic by which to evaluate generic or uninformative speaker names."  *Id.*  (citations omitted).  To assist the electorate, "[t]he government may [] constitutionally 'provide[ ] its voters with a useful shorthand for evaluating the speaker behind the sound bite.'"  *Yes on Prop B v.*

35

*City & Cnty. of San Francisco*, 440 F. Supp. 3d 1049, 1059 (N.D. Cal. 2020).

Clearly, reporting requirements do not accomplish the same goal as do on-ad disclosures. The contemporaneous access to the source of the speaker at the time the message is heard serves a unique government interest, and the government may independently pursue that interest. As such, a reporting requirement does not alleviate the need for an on-ad disclosure as Appellants contend. Appellant's Brief, pg. 20-21. Because the on-ad disclosure is not redundant of the periodic reporting, the on-ad disclosure is not fatal to the statutes narrow tailoring. *Gaspee Project*, 13 F.4th at 91.

> ### b. An off-ramp provision is not necessary for SDCL § 12-27-16 to satisfy exacting scrutiny.

Similarly, Appellants claim that SDCL § 12-27-16 cannot be considered narrowly tailored without an off-ramp provision through which donors can avoid disclosure. Appellant's Brief, pg. 23-25. The statute survives exacting scrutiny without the off-ramp provision, as have several other similar statutes. *See Smith*, 95 F.4th at 1220; *No on E,* 85 F.4th at 511.

36

Appellate Case: 26-1503     Page: 45     Date Filed: 07/15/2026 Entry ID: 5661551

One such statute was enacted in Alaska and subsequently challenged. The Alaska statute requires that certain political communications identify the three largest contributors during the twelve-month period prior to the communication. Alaska Stat. Ann. § 15.13.090 (West). This statute contains no minimum donation limit nor an avenue by which a donor can direct their funds away from electioneering to avoid the on-ad disclosure requirement. *Id.*

The Ninth Circuit upheld this statute, rejecting all the challenges directed at it. *Smith v. Helzer*, 95 F.4th 1207, 1220 (9th Cir.), *cert. denied sub nom. Smith v. Stillie*, 145 S. Ct. 567 (2024). The *Helzer* Court disagreed that the Alaska statute dominated too much space on the ad or that it was not narrowly tailored. *Id.* As have other Courts, the Ninth Circuit recognized that disclosure requirements are viewed under exacting scrutiny because they do not limit speech but simply inform the public. *Id.* at 1221.

California has similar requirements in state statute. *See* Cal. Gov't Code § 84504 *et. seq.* California requires that independent communications include the "Ad Committee's Top Funders." Cal. Gov't Code § 84503. This requirement applies to print ads, video ads, electronic media ads, and text messages. Cal. Gov't Code §

37

Appellate Case: 26-1503     Page: 46     Date Filed: 07/15/2026 Entry ID: 5661551

84504 *et. seq.*  Like South Dakota, California's statutes do not include off-ramp provisions either for donors to direct the use of their contributions away from electioneering nor for minimum contributions.  *Id.*

While not the California statute, a San Francisco ordinance with similar on ad disclosure provisions was also upheld by the Ninth Circuit.  *No on E*, 85 F.4th at 511.  The court determined that the ordinance requiring disclosure of the top three contributors of $5,000 or more satisfied exacting scrutiny.  *Id.* at 511.  Importantly, the Ninth Circuit directly addressed the ordinance's lack of an "earmark" or off-ramp provision that would allow donors to direct their donations away from electioneering to avoid disclosure.  *Id.* at 510.  The court found that such a provision was not necessary for the disclosure requirement to survive exacting scrutiny.  *Id.*  The court noted that, while two out-of-circuit decisions had upheld statutes containing those provisions, neither court found such provision to be a necessary component of constitutionality.  *Id.* (citing I*ndep. Inst. v. Williams*, 812 F.3d 787, 797 (10th Cir. 2016) and *Indep. Inst. v. FEC*, 216 F. Supp. 3d 176, 190–92 (D.D.C. 2016)).

Appellate Case: 26-1503    Page: 47    Date Filed: 07/15/2026 Entry ID: 5661551

Likewise, Hawaii requires the on-ad disclosure of the top three contributors to the entity disseminating the communication. Haw. Rev. Stat. Ann. § 11-393 (West). The Hawaiian law has neither an off-ramp for donations not intended for electioneering purposes nor donations below a minimum limit. *Id.* Hawaii's law remains in force currently.

These laws contain no off-ramp provisions at all, either for earmarking contributions or minimum donation limits to avoid disclosure. Alaska Stat. Ann. § 15.13.090 (West); Cal. Gov't Code § 84504 *et. seq*; Haw. Rev. Stat. Ann. § 11-393 (West). Further, the Alaska and California statutes have been affirmed. *See Helzer*, 95 F.4th 1207; *No on E*, 85 F.4th 493. *See also Massachusetts Fiscal All*, No. CV 18-12119-RWZ, 2018 WL 5816344 (holding that Massachusetts's statute containing a minimum donation provision but no earmark provision survived exacting scrutiny.) As the District Court noted, both the Alaska and California statutes are arguably broader than SDCL § 12-27-16. JApp. 127; R. Doc. 82, at 37; Add. 81. In short, South Dakota's statute furthers the important governmental interest of insuring there is an informed electorate and

39

Appellate Case: 26-1503     Page: 48     Date Filed: 07/15/2026 Entry ID: 5661551

### c. The $100 disclosure threshold satisfies exacting scrutiny.

Appellant next challenges the $100 cost threshold, triggering application of the statute. Appellant's Brief, pg. 25-27. According to Appellant, narrow tailoring requires a higher floor for the cost threshold because SDCL § 12-27-16 includes "modest grass roots communications" and falls below the floor set by other states. *Id.* Again, the District Court correctly determined that the $100 cost threshold in SDCL § 12-27-16 satisfies exacting scrutiny. JApp. 74-75; R. Doc. 44, at 32-33; Add. 32-33.

As the District Court identified, several statutes with similar thresholds have been upheld. JApp. 74-75; R. Doc. 44, at 32-33; Add. 32-33. *See Minn. State Ethical Practices Bd.,* 761 F.2d at 512 (per curiam) (upholding Minnesota's law requiring disclosure for election-related communication spending of or exceeding $50 for legislative races or $100 for state races or ballot questions); *Nat'l Org. for Marriage,* 649 F.3d at 59-61 (upholding Maine's law requiring disclosure for express advocacy communication expenditures exceeding $100); *Nat'l Ass'n for Gun Rts., Inc. v. Mangan,* 933 F.3d 1102, 1122 (9th Cir. 2019) (upholding Montana's

40

law requiring disclosure for election-related communication spending exceeding $250).  Moreover, setting of spending thresholds is "best left.. to congressional discretion."  *Buckley*, 424 U.S. at 83.  *See also Gaspee Project*, 13 F.4th at 92 (explaining the "line-drawing exercise – which asks, at bottom, whether to mandate a list of five top donors or some greater or lesser number – is a task best left to the legislature").

As shown, spending thresholds are discretionary decisions properly left to the legislature, and other similar spending thresholds have been approved by the Supreme Court and other Circuits.  SDCL § 12-27-16 is substantially similar to these statutes with regard to its spending threshold, and the South Dakota legislature merits the same deference that the Supreme Court gave to Congress.  *Buckley*, 424 U.S. at 83.  For these reasons, Appellant failed to demonstrate that SDCL § 12-27-16 lacks narrow tailoring due to its $100 dollar cost threshold.

### *d. SDCL § 12-27-16 is temporally limited because it only applies to express advocacy.*

Additionally, Appellant asserts that SDCL § 12-27-16 is not narrowly tailored because its application is not limited to a specific

41

Appellate Case: 26-1503     Page: 50     Date Filed: 07/15/2026 Entry ID: 5661551

time period surrounding an election.  Appellant's Brief, pg. 27-29.

On its face, SDCL § 12-27-16 applies only to express advocacy and

is, therefore, sufficiently related to the State's important interest of

an informed electorate.  *Citizens United*, 558 U.S. at 369.  As the

District Court found, such an explicit temporal limitation is not

necessary for the statute to satisfy exacting scrutiny because the

terms of the statute necessarily limit it to election related activity.

JApp. 125-26; R. Doc. 82, at 35-36; Add. 79-80.

SDCL § 12-27-16 applies to "independent communication

expenditures… related to communications concerning candidates,

public office holders, ballot questions, or political parties…"

"Independent communication expenditure" is a defined term under

South Dakota law.  SDCL § 12-27-1(11).  An "independent

communication expenditure" is an "expenditure… for a

communication concerning a *candidate or ballot question*…"

(emphasis added).  Likewise, "ballot question" and "candidate" are

also defined terms.  *See* SDCL § 12-27-1(1) & (4).  A "ballot

question" is "any referendum, initiative, proposed constitutional

amendment, or other measure submitted to voters at any election."

SDCL § 12-27-1(1).  Meanwhile, a "candidate" is "any person who

42

Appellate Case: 26-1503     Page: 51     Date Filed: 07/15/2026 Entry ID: 5661551

seeks nomination for or election to public office." SDCL § 12-27-1(4). The definition of candidate further lists several activities the explicitly defines an individual as a candidate such as accepting or soliciting contributions in excess of $500, creating a campaign committee, and taking actions to qualify for nomination or election. *Id.*

Appellant asserts that SDCL § 12-27-16 suffers from an "indeterminacy" issue because the statute "contains no express temporal trigger tied to a primary, general election, or defined electioneering window." Appellant's Brief, pg. 28. However, Appellant directs this Court to no authority demanding such a temporal limitation. *Id.* Moreover, other similar statutes have been upheld without such a temporal limitation. *No on E,* 85 F.4th at 511; *Smith,* 95 F.4th at 1221; *Gaspee Project,* 13 F.4th at 96.

For example, Alaska's on-ad disclosure law requires communications to include three things: "(1) the name and title of the speaking entity's principal officer; (2) a statement from that principal officer approving the communication; and (3) 'identification of the name and city and state of residence or principal place of business, as applicable, of each of the person's

43

Appellate Case: 26-1503     Page: 52     Date Filed: 07/15/2026 Entry ID: 5661551

three largest contributors ... during the 12-month period before the date of the communication.'" *Smith*, 95 F.4th at 1212 (citing Alaska Stat. Ann. § 15.13.090 (West)). The Ninth Circuit upheld this law under exacting scrutiny. *Id.* at 1222. Similarly, the Rhode Island statute upheld in *Gaspee* also lacked such a temporal limitation. *Gaspee Project*, 13 F.4th at 82-83. Finally, San Francisco's ordinance lacks any temporal limitation relevant to a specific election, but the law was also upheld. *No on E,* 85 F.4th at 511. Importantly, each of these statutes are consistent with SDCL § 12-27-16 in that they all connect any on-ad reporting requirement to some form of independent expenditure made for the purpose of directly influencing an election or ballot initiative. *Compare* Alaska Stat. Ann. § 15.13.090 (West); Cal. Gov't Code § 82013; 17 R.I. Gen. Laws Ann. § 17-25.3-3 (West) *with* SDCL § 12-27-16.

Given Appellant's dearth of authority on the issue, these cases strongly support the District Court's determination that SDCL § 12-27-16's limitation to "independent communication expenditures" properly limits the reach of the statute to election-related activities. JApp. 125-26; R. Doc. 82, at 35-36; Add. 79-80. Although SDCL § 12-27-16 includes communications related to "public office holders"

44

and "political parties," the statute further clarifies that only "independent communication expenditures" need be reported. Pursuant to SDCL § 12-27-1(11), "independent communication expenditures" must concern a candidate or ballot question. Importantly, candidates are limited to individuals running for office, and ballot questions are matters to be voted on at an election. See SDCL § 12-27-1(1) & (4). Read *in pari materia,* the on-ad disclosure requirements necessarily relate back to election related activity. JApp. 125-26; R. Doc. at 82, 35-36; Add. 79-80. Outside the election context SDCL § 12-27-16 holds no meaning because there are no "candidates" or "ballot questions" about which anyone may communicate.

> ### e. The 48-hour reporting requirement found in SDCL § 12-27-16 is narrowly tailored.

Finally, Appellant complains that § SDCL 12-27-16 includes "rapid reporting obligations" that are not narrowly tailored because the statute requires that "an independent communication expenditure statement [be filed] within forty-eight hours of the time that the communication is disseminated, broadcast, or otherwise published." *See* Appellant's Brief, pg. 30. This assertion lacks

45

merit as this Court has previously upheld similar 48-hour reporting requirements. *Iowa Right to Life*, 717 F.3d at 595-96. Further, Appellant's claims may have merit if it were a surpise when their communications were distributed. However, because Appellant controls the communication of its message, it is capable of anticipating any reporting needs in advance. And as the District Court points out, the reporting requirements are not cumbersome. JApp. 76; R. Doc. 44, at 34; Add. 34. The 48-hour reporting requirement after a communication is distributed does not defeat the statute's narrow tailoring. *Iowa Right to Life*, 717 F.3d at 595-96.

## B. SDCL § 12-27-16 survives Appellant's as-applied challenge.

Appellant engages in exclusively issue advocacy and intends to only engage in issue advocacy in the future. Appellant's Brief, pg. 4, 6, 7, 9, 32, 39. The State gladly takes Appellant at its word. The singular question before this Court, then, with regard to the as-applied challenge, is whether SDCL § 12-27-16 encompasses Appellant's issue advocacy. It does not because SDCL § 12-27-16 only applies to express advocacy, or communications in express

46

Appellate Case: 26-1503     Page: 55     Date Filed: 07/15/2026 Entry ID: 5661551

favor of or opposition to a particular candidate or ballot measure. JApp. 52; R. Doc. 44, at 10; Add. 10; JApp. 98; R. Doc. 82, at 18-19; Add. 62-63. *See also* SDCL § 12-27-1(6), (9), & (11).

### *1. Standard for as-applied challenges.*

"An as-applied challenge consists of a challenge to the statute's application only as-applied to the party before the court." *Phelps-Roper v. Ricketts*, 867 F.3d 883, 896 (8th Cir. 2017) (quoting *Republican Party of Minn.*, 381 F.3d at 790). *See also Minnesota Chamber of Com. v. Choi*, 765 F. Supp. 3d 821, 846 (D. Minn. 2025) (quoting *United States v. Veasley*, 98 F.4th 906, 909 (8th Cir. 2024)). "If an as-applied challenge is successful, the statute may not be applied to the challenger, but is otherwise enforceable." *Id.* Appellant "must show that the [challenged statute] is unconstitutional 'because of the way it was applied to the particular facts of [its] case.'" *Id.* (quoting *United States v. Salerno*, 481 U.S. 739, 745 n.3, 107 S. Ct. 2095, 2100, 95 L. Ed. 2d 697 (1987)). "[Appellant] generally cannot prevail on an *as-applied* challenge without showing that the law has in fact been… unconstitutionally *applied* to [it]." *Id.* (emphasis in original).

47

Appellate Case: 26-1503     Page: 56     Date Filed: 07/15/2026 Entry ID: 5661551

*2. SDCL § 12-27-16 does not apply to Appellant's conduct.*

As Appellees have maintained throughout this litigation, SDCL § 12-27-16 applies exclusively to express, rather than issue, advocacy. Because Appellant engages only in issue advocacy, the statute simply cannot apply to its activity. Appellant's Brief, pg. 4, 6, 7, 9, 32, 39. Likewise, Appellant does not receive "contributions" as that term is contemplated by SDCL § 12-27-16 because its benefactors are not donating with the intent that their gifts will be used for advocacy that Appellant does not perform. Because Appellant does not engage in activity regulated by the statute, its facial challenge to the statute must fail.

The on-ad disclosure requirements of SDCL § 12-27-16 apply only to "contributions" received for the purpose of an "independent campaign expenditure. A "contribution" occurs when a donation is "made for the purpose of influencing: (a) [t]he nomination, election, or re-election of any person to public office; or (b) [t]he placement of a ballot question on the ballot or the adoption or defeat of any ballot question submitted." SDCL § 12-27-1(6). Meanwhile, SDCL § 12-27-16(1)(c) requires that certain independent campaign expenditures include a list of the top five donors making the largest

48

"contributions" to the entity distributing the communication. An "independent campaign expenditure" is "an expenditure... made... for a communication concerning a candidate or a ballot question." SDCL § 12-27-1(11).

Accordingly, only those donations made for the purpose of "influencing" the nomination, election, or re-election of a person or the placement on the ballot, adoption, or defeat of a ballot measure constitute "contributions" subject to disclosure. Likewise, only an "independent campaign expenditure" necessitates a disclosure. Because Appellant does not engage in such direct influence, none of its communications are "independent campaign expenditures," and none of the donations it receives constitute "contributions." *See* Appellant's Brief, pg. 4, 6, 7, 9, 32, 39. Because Appellant's communications are not regulated by the statute, it need not make disclosures under SDCL § 12-27-16.

South Dakota law specifically defines what it means to "expressly advocate" in SDCL § 12-27-1(9). South Dakota's definition of "express advocacy" is consistent with the Supreme Court's definition. *See Buckley*, 424 U.S. at 43. Likewise, the provisions of SDCL § 12-27-1(6), (9), & (11) are synonymous in that

49

they both refer to the intent to influence the nomination or election of a public official or the outcome of a ballot initiative. Together, SDCL §§ 12-27-1(6), (9), (11), and 12-27-16 limit the application of South Dakota's on-ad disclosure requirement to those entities engaging in express advocacy. Appellant's issue advocacy is not regulated by SDCL § 12-27-16. Not only is SDCL § 12-27-16 not being unconstitutionally applied to Appellant, the statute does not apply to its advocacy at all. *Phelps-Roper*, 867 F.3d at 896. Contrary to its assertions, Appellant suffers no threat of prosecution pursuant to SDCL § 12-27-16 so long as Appellant maintains its current issue advocacy as it intends.

Notably, Appellant's donors also do not suffer under any fear of disclosure as Appellant contends for the same reasons. Appellant's Brief, pg. 34-37. SDCL § 12-27-16 does not require on-ad disclosures for Appellant's issue advocacy communications. Appellant points to *First Choice Women's Resource Centers, Inc.,* 146 S. Ct. 1114, in support of their position that South Dakota law will chill their donors continued giving. Appellant's Brief, pg. 35-37. This assertion is without merit because Appellant is not covered under the statute, so neither are its donors.

50

Additionally, the authority Appellant relies on for this premise is not analogous to the present case.  In *First Choice*, the plaintiff was a resource center for pregnant women whose donors had no expectation of being disclosed.  *First Choice Women's Res. Centers, Inc.*, 146 S. Ct. at 1119.  Alternatively, Appellant's sole purpose is to publicly advocate for its message.  Appellant's Brief, pg. 4.  As such, any anonymity determined to be merited by the donors to First Choice is not shared by Appellant's donors who seek public promotion of their message to impact public policy.

Finally, Appellant asserts that SDCL § 12-27-16 is not narrowly tailored as applied to their specific activity because the donors who fund the communication might be from outside South Dakota and not intending to influence South Dakota policy.  Appellant's Brief, pg. 37-39.  Again, Appellant's position lacks authority.  *Id.*  SDCL § 12-27-16 has a sufficient nexus to South Dakota, however, because the communication requiring reporting or disclosure must occur in South Dakota.  *See* SDCL § 1-1-1 (stating that jurisdiction of this state extend[s] to all territory within its established boundaries).  But if Appellant chooses to communicate in South Dakota about South Dakota policies, then it

51

Appellate Case: 26-1503     Page: 60     Date Filed: 07/15/2026 Entry ID: 5661551

must follow South Dakota's disclosure laws.  Moreover, Appellant cannot simply circumvent South Dakota's laws by delivering its message from outside the state's borders.

### V.     SDCL § 12-27-16 is not overly broad.

While Appellant contends that its overbreadth claim is distinct from its other First Amendment challenges, the standard and subsequent analysis are consistent.  Appellant's Brief, pg. 48. Appellant's overbreadth challenge is premised on three "features" that Appellant claims work together to result in an overly broad statute.  *Id.* at pg. 49.  Appellant alleges that:  (1) SDCL § 12-27-16 covers an excessively broad range of topics that include communications "concerning" candidates, office holders, ballot questions, and political parties; (2) the statute lacks a clear, election-bound temporal limitation; and (3) the statute encompasses too much speech based on the $100 spending trigger. *Id.*  These features coincide with Appellant's facial and as-applied First Amendment challenges.  *See generally* Appellant's Brief, pg. 16-46.  Just as SDCL § 12-27-16 is narrowly tailored to meet its purpose, the statute is also not overly broad.

Appellate Case: 26-1503     Page: 61     Date Filed: 07/15/2026 Entry ID: 5661551

"The aim of facial overbreadth analysis is to eliminate the deterrent or chilling effect an overbroad law may have on those contemplating conduct protected by the First Amendment." *Republican Party of Minn.*, 381 F.3d at 791 (quoting *Turchick v. United States,* 561 F.2d 719, 721 (8th Cir.1977) (footnote and internal quotation marks omitted). "Thus, 'the overbreadth doctrine permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial when judged in relation to the statute's plainly legitimate sweep.'" *Id.* (quoting *City of Chicago v. Morales,* 527 U.S. 41, 52, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (internal quotation marks omitted). Further, the Supreme Court recently stated "that facial challenges to criminal statutes on First Amendment overbreadth grounds 'are especially to be discouraged.'" *Id.* (quoting *Sabri v. United States,* 541 U.S. 600, ——, 124 S.Ct. 1941, 1948, 158 L.Ed.2d 891 (2004). "According to the Court:

> Not only do they invite judgments on fact-poor records, but they entail a further departure from the norms of adjudication in federal courts: overbreadth challenges call for relaxing familiar requirements of standing, to allow a determination that the law would be unconstitutionally applied to different parties and different circumstances from those at hand.

53

Appellate Case: 26-1503    Page: 62    Date Filed: 07/15/2026 Entry ID: 5661551

*Id.*

Here, despite its myriad of repetitious allegations, Appellant has failed to manufacture an interpretation of SDCL § 12-27-16 that applies to Appellant's conduct.  Each of Appellant's overbreadth allegations relate back to its assertion that SDCL § 12-27-16 regulates issue advocacy in addition to express advocacy.  Appellant's Brief, pg. 48-55.  As previously shown, the statutes application is limited to express advocacy communications.  SDCL § 12-27-16 does not encompass office holders or political parties beyond the elections context because reporting and disclosures are limited to "independent communication expenditures" funded through "contributions."  Both of these terms are defined in such a way that they relate only to candidates and ballot questions.  *See* SDCL § 12-27-1(4) & (11).  Based on these definitions, SDCL § 12-27-16 applies only to election related communications and is limited to express advocacy.  The statute is temporally tied to elections for the same reasons.  Finally, the $100 donation threshold has been upheld by this Court and others in similar cases and does not render the statute overly broad.  *See Minn. State Ethical Practices Bd.*, 761 F.2d 509, 512 (8th Cir. 1985); *Nat'l Org.*

54

*for Marriage*, 649 F.3d at 59-61; *Nat'l Ass'n for Gun Rights*, 933 F.3d at 1122.

SDCL § 12-27-16 suffers from no impermissible applications, let alone substantial applications relative to its plainly legitimate sweep, because the statute regulates exclusively express advocacy. *Republican Party of Minn.*, 381 F.3d at 791. SDCL § 12-27-16 only applies to "independent communication expenditures" funded through "contributions." For either to occur, the subject matter must relate to a candidate or a ballot question. See SDCL §§ 12-27-1(4) & (11). Because the statute does not regulate any issue advocacy communications, it is not overly broad.

## VI. SDCL § 12-27-16 is not void for vagueness.

In its final challenge, Appellant alleges that SDCL § 12-27-16 is void for vagueness because the terms "concerning" and "contribution" as used in SDCL § 12-27-16 are unclear. Appellant's Brief, pg. 55-59. As the District Court concluded, the statute is not unconstitutionally vague because the challenged terms have either common or defined uses. JApp. 85-86; R. Doc. 44, at 43-44; Add. 43-44. SDCL § 12-27-16 neither fails to provide adequate notice of proscribed conduct nor lends itself to arbitrary or discriminatory

55

Appellate Case: 26-1503    Page: 64    Date Filed: 07/15/2026 Entry ID: 5661551

enforcement. *Stephenson v. Davenport Cmty. Sch. Dist.*, 110 F.3d 1303, 1308 (8th Cir. 1997)

"The void-for-vagueness doctrine is embodied in the due process clauses of the fifth and fourteenth amendments." *Id.* (quoting *D.C. and M.S. v. City of St. Louis, Mo.,* 795 F.2d 652, 653 (8th Cir.1986)). A statute may be determined vague under two distinct theories. First, a statute could fail to provide notice of the prohibited conduct by "forbid[ing] or requir[ing] the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application...." *Id.* (quoting *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)) Second, the statute could lend itself to arbitrary or discriminatory enforcement. *Id.* Reasonable breadth in statutory language does not require that a law be invalidated on vagueness grounds. *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

"Condemned to the use of words, we can never expect mathematical certainty from our language." *Grayned,* 408 U.S. at 110. To help with determining whether a statute is unconstitutionally vague courts have relied on the common usage

56

Appellate Case: 26-1503     Page: 65     Date Filed: 07/15/2026 Entry ID: 5661551

of statutory language. *Stephenson*, 110 F.3d at 1309 (citations omitted). "Under the void-for-vagueness doctrine, a law is unconstitutional if it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages serious discriminatory enforcement'". *Musser v. Mapes*, 718 F.3d 996, 1000 (8th Cir. 2013).

The word "concerning" is a common word and has a common meaning that is used in everyday language. When taken in context in either SDCL § 12-27-1(11) or SDCL § 12-27-16, "concerning" is used as a preposition and indicates the communication must relate to or is about a candidate, public office holder, ballot question, or political party. JApp. 85-86; R. Doc. 44, at 43-44; Add. 43-44. A person of ordinary intelligence knows if a communication concerns a candidate, particularly in the context of an "independent communication expenditure." *See* SDCL § 12-27-1(11). Appellant questions whether certain general references to an office holder would "concern" that office holder for purposes of a disclosure. Appellant's Brief, pg. 57. Such references would only constitute an "independent communication expenditure" funded through

57

Appellate Case: 26-1503    Page: 66    Date Filed: 07/15/2026 Entry ID: 5661551

"contributions" if it advocated for election or defeat of the office holder in an upcoming election. *See* SDCL § 12-27-1 (4) & (11). Because an "independent communication expenditure" must concern a candidate or ballot question, a policy reference as illustrated by Appellants would not necessitate a disclosure. The prohibitions in SDCL § 12-27-16 are clear and the statute does not risk arbitrary or discriminatory enforcement. *Stephenson,* 110 F.3d at 1308. As such, the statute is not unconstitutionally vague. *Id.*

58

Appellate Case: 26-1503     Page: 67     Date Filed: 07/15/2026 Entry ID: 5661551

# CONCLUSION

As set forth above, SDCL § 12-27-16 does not offend the First Amendment on its face nor as applied to Appellant.  In addition, the statute is not invalid on overbreadth or vagueness grounds.  For these reasons, the District Court's dismissal of Appellant's Complaint should be upheld, and Appellant's appeal should be dismissed.

Dated this 15th day of July 2026.

Respectfully submitted,

**MARTY J. JACKLEY**
**ATTORNEY GENERAL**
**STATE OF SOUTH DAKOTA**

*/s/ Grant M. Flynn*
Grant M. Flynn
Assistant Attorney General
1302 East Highway 1889, Suite 1
Pierre, SD 57501
605-773-3215
grant.flynn@state.sd.us

59

# CERTIFICATE OF COMPLIANCE

1.   I certify that the Appellee's Brief is within the limitation provided for in Rule 32(a)(7) using bookman old style typeface in 14 point type.  Appellee's Brief contains 11,260 words.

2.   I certify that the word processing software used to prepare this brief is Microsoft 365, and it is herewith submitted in PDF format.

3.   I certify that the brief submitted herein has been scanned for viruses and that the brief is, to the best of my knowledge and belief, virus free.

Dated this 15th day of July, 2026.

_Grant M. Flynn_      .
Grant M. Flynn
Assistant Attorney General

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of July, 2026, a true and correct copy of Appellee's Brief was submitted to the Eighth Circuit Court of Appeals for review.

_Grant M. Flynn_
Grant M. Flynn
Assistant Attorney General

60

Appellate Case: 26-1503     Page: 69     Date Filed: 07/15/2026 Entry ID: 5661551